# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, as subrogee of RIDA Development Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>CHARLOTTE PIPE & FOUNDRY COMPANY, a foreign corporation, LUBRIZOL ADVANCED MATERIALS, INC., a foreign corporation, and THE LUBRIZOL CORPORATION, a foreign Corporation,<br><br>    Defendants. | Case No.: 6:11-cv-00019-JA-GJK |

## CHARLOTTE PIPE & FOUNDRY COMPANY'S
## MOTION TO QUASH SUBPOENAS TO NON-PARTY EXPERT
## AND FOR PROTECTIVE ORDER AND
## SUPPORTING MEMORANDUM OF LAW

Defendant Charlotte Pipe & Foundry Company ("Charlotte Pipe") moves pursuant to Fed. R. Civ. P. 26 and 45 for entry of an order quashing subpoenas[1] issued by Plaintiff Travelers Property Casualty Company of America ("Travelers") to an expert, Duane Priddy, Sr., Ph.D. ("Dr. Priddy"), and his firm, Plastic Failure Labs, Inc. Dr. Priddy has worked for Charlotte Pipe on 15 or more matters unrelated to this case since 2009. Charlotte Pipe also seeks a protective order[2] barring further demands for Charlotte Pipe's privileged information and information irrelevant to this action.

---

[1] Charlotte Pipe has standing to assert its "personal right or privilege" relating to the information held by Dr. Priddy by this motion to quash. 9A Charles Alan Wright & Arthur R. Miller, Fed. Pract. & P. § 2459 (3d ed. 2008).

[2] A Rule 26(c) protective order can serve as an alternative to an order quashing the subpoena. Id. § 2459, n. 3; see also In re Lee v. Burlington N. Santa Fe. R.R. Co., 2010 WL 894056 (N.D. Ill. Mar. 5, 2010) (granting third-party defendant's motion for protective order and precluding plaintiff from requesting documents from non-testifying consulting expert or calling him as trial witness).

20033018.1

The subpoenas Travelers issued to Dr. Priddy seek Charlotte Pipe's protected, confidential work product, and they are invalid under Rule 45 and violate Rules 26(b)(3) and (4)(D), which specifically forbid discovery of "facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." As explained below, Dr. Priddy has never been designated by Charlotte Pipe as a testifying expert in any case involving the product at issue here, Corzan CPVC Schedule 80, and any non-privileged information he may have is irrelevant and not likely to lead to the discovery of admissible evidence in this action. Counsel for Charlotte Pipe has conferred in good faith with Travelers' counsel and requested withdrawal of these subpoenas. Travelers has refused, necessitating this Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

This is a product liability case filed by Travelers as subrogee of RIDA Development Corp. ("RIDA"), the developer of the Orlando Hilton. Travelers is suing to recover its insurance payout to RIDA following the separation of a joint made by a non-party plumbing contractor, Progressive Plumbing, Inc. ("Progressive") in the Hilton's 20th floor mechanical room. Travelers has sued Charlotte Pipe, the manufacturer of the CPVC Schedule 80 fitting and pipe installed by Progressive; Lubrizol, Inc., the manufacturer of the Corzan brand CPVC compound supplied to Charlotte Pipe for manufacture of CPVC Schedule 80 products; and Spirit Group, Inc., Charlotte Pipe's manufacturer's representative in the Orlando area. Motions to Dismiss have been filed by all defendants based, among other grounds, on Travelers' failure to identify any defect in the subject pipe or fittings.

1.  **Dr. Duane Priddy and Plastic Failure Labs, Inc.**

Duane Priddy holds a Ph.D. in Organic Chemistry from Michigan State University. He was a scientist at Dow Chemical Company for more than 35 years, serving as Principal Scientist for Dow's polystyrene and polycarbonate product lines and leading its Plastic Analysis Group. In 2003, he founded Plastic Failure Labs, Inc., of which he is principal scientist and which provides consulting and expert witness services and performs forensic analysis. Declaration of Duane Priddy, Sr. ¶¶ 1-2 (attached as Ex. A). See also www.plasticfailure.com.

Dr. Priddy has been retained by Charlotte Pipe to provide expert services in more than 15 matters since 2009. All of his work for Charlotte Pipe has been related to pending or anticipated litigation. Priddy Dec.¶ 3; Declaration of William Morris ¶ 3 (attached as Ex. B). In much of his work for Charlotte Pipe, Dr. Priddy has been a consulting expert rather than a testifying expert. He has never been identified by Charlotte Pipe as a testifying expert in a case involving Corzan CPVC Schedule 80 pipe or fittings, the products used in the Orlando Hilton mechanical room joint that separated. Priddy Dec. ¶ 4; Morris Dec. ¶ 4.

2.  **Travelers' Attempt to Retain Dr. Priddy.**

On August 1, 2011, Travelers' counsel contacted Dr. Priddy about this case and sought to retain him as an expert. Dr. Priddy told counsel that he had provided expert services to Charlotte Pipe, but Travelers counsel persisted. Priddy Dec. ¶ 5. Dr. Priddy spoke further about the request with Charlotte Pipe and its counsel and then confirmed to counsel for Travelers that he was declining their offer. Id. After Travelers' efforts to hire Charlotte Pipe's prior expert were rebuffed, Travelers' counsel told Dr. Priddy he would subpoena Dr. Priddy's documents relating to Charlotte Pipe. Id. Dr. Priddy has not, as of yet, been retained by Charlotte Pipe as a testifying expert in this case; however, Charlotte Pipe's deadline to disclose its experts is not until March 20, 2012. Dkt. 37.

**3.      Travelers' Subpoena of Dr. Priddy's Records of Work for Charlotte Pipe.**

On August 3, 2011, Travelers served Dr. Priddy with four Rule 45 subpoenas, directed to him individually and to Plastic Failure Labs, Inc., at both his business and home addresses. Id. The subpoenas are attached as Exhibit C. They make no distinction between Dr. Priddy's prior testimonial or consulting-only work. They simply call for Dr. Priddy to produce all documents he or Plastic Failure Labs, Inc., received or sent reflecting investigation of plastic pipe, fittings, joints or joint failures for Charlotte Pipe since January 1, 2006, as well as all documents reflecting any Charlotte Pipe request to inspect or analyze any of its pipe, fittings, or joints, and "any information provided by Charlotte Pipe & Foundry Company or [his] conclusions." The subpoenas thus directly seek documents concerning any work Dr. Priddy did as a consulting expert that remains confidential work product, including documents that reflect opinions, mental impressions, or direction from Charlotte Pipe's counsel, all of which are plainly not discoverable under Rule 26(b)(3) or Rule 26(b)(4)(D). Nor were the subpoenas limited to the type of pipe and fitting at issue in this case, CPVC Schedule 80. Rather, they demand without limitation the production of any work Dr. Priddy may have done relating to other Charlotte Pipe products that have different chemical formulations, dimensions, and applications, such as PVC pipe, copper tube size CPVC pipe, Schedule 40 pipe, and other types of fittings not at issue in this case.

On August 16, within 14 days of the subpoenas' service, Dr. Priddy served a written objection to the subpoenas on Travelers' counsel. His objection is attached as Exhibit D.

## LAW AND DISCUSSION

Travelers' subpoenas brazenly attempt to obtain work product documents that a party, Charlotte Pipe, exchanged with or had prepared by a retained expert in connection with other matters. This violates the Rules in several respects and seeks to circumvent the requirement that a party's documents should be requested under Rule 34. Accordingly, the subpoenas should be

4

quashed, and a protective order should be entered barring further attempts by Travelers to subpoena privileged information from Charlotte Pipe's experts or subpoena non-parties for documents that are in Charlotte Pipe's possession, custody or control under Rule 45.

**1.      The Rules Forbid Discovery from Dr. Priddy as a Consulting Expert.**

The scope of the work product doctrine as it applies to documents is set forth in Rule 26(b)(3).  It provides that ordinarily "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."  Dr. Priddy, as an expert witness retained in connection with anticipated or pending litigation, is plainly Charlotte Pipe's consultant or agent for that purpose.  Related documents prepared or exchanged with Dr. Priddy for these purposes are therefore not discoverable.  If Dr. Priddy were to be identified (on or before March 20, 2012) as a testifying expert in this case, Rule 26(b)(4) specifies what expert discovery would then be appropriate.

Rule 26(b)(4)(D) explicitly prohibits discovery from experts retained on a consulting basis who are not expected to be called as witnesses:

> *(D) Expert Employed Only for Trial Preparation.*  Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial.

Notably, the rule encompasses "anticipation of litigation" and trial preparation, and its protections are not limited to the pending case alone.  Dr. Priddy is not subject to discovery about work done as a consulting expert, not identified as a trial witness, for Charlotte Pipe.

Travelers' attempt to directly subpoena documents from Dr. Priddy after its counsel's efforts to retain him failed is extraordinary, especially since he has not been identified as a testifying expert in this case.  While relatively few cases have addressed this tactic, they

5

consistently agree that it is improper to subpoena materials from a consulting expert or to subpoena a consulting expert for deposition.

In Caribbean I Owners Ass'n, Inc. v. Great Am. Ins. Co., 2009 WL 499500 (S.D. Ala. July 13, 2009), the court described the "four interests" weighing against allowing an opposing party to depose or call at trial a consultative, non-testifying expert witness:

> (1) an "important interest in allowing counsel to obtain the expert advice they need in order properly to evaluate and present their clients' position without fear that every consultation with an expert may yield grist for the adversary's mill," which the court found underlies Fed. R. Civ. P. 26(b)(4)(B)'s limitation on discovery of consultative, as opposed to testifying experts; (2) unfairness of allowing an opposing party to benefit from a party's effort and expense incurred in preparing its case; (3) fear of restraint on the willingness of experts to serve as consultants if their testimony could be compelled; and (4) the substantial risk of "explosive" prejudice stemming from the fact of prior retention of any expert by the opposing party.

2009 WL 499500, *2. The court went on to note that "[a] party seeking disclosure under Rule 26(b)(4)(B) carries a heavy burden in demonstrating the existence of exceptional circumstances."[3] Id.; see also Marsh v. Jackson, 141 F.R.D. 431 (W.D. Va. 1992) (quashing Rule 45 subpoenas directed to non-party experts). Travelers never suggested such circumstances exist during the parties' conference in advance of this motion.

In Essex Builders Group, Inc. v. Amerisure Ins. Co., 235 F.R.D. 703 (M.D. Fla. 2006), this Court noted that under Rule 26(b)(4)(B) discovery of a non-testifying retained expert could be obtained only "upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." 235 F.R.D. at 704. That case involved a consultant initially hired to provide business and

---

[3] The Caribbean I court denied motions to quash two witnesses because it determined they were fact witnesses who had personally inspected the subject condominium building before it was damaged by a hurricane, their observations could not be duplicated post-hurricane, both had previously been deposed in related litigation, and their reports and data had been provided by the plaintiff building owner to the defendant insurer. Id. at *2-3. No such facts are present here. Dr. Priddy has "never been identified by Charlotte Pipe as a testifying expert in a case involving Corzan CPVC Schedule 80 pipe or fittings." Priddy Dec. ¶ 4.

financial advice, but later retained to provide additional services as a non-testifying expert in connection with litigation. The court declined to quash a deposition subpoena, but only because it was limited to seeking fact information that predated the expert's work and was calculated "to exclude discovery of information after Pipkorn was retained in connection with the litigation" and therefore did not violate Rule 26(b)(4). Id. at 705. Here, there is no relevant fact information to obtain from Dr. Priddy, and Travelers can retain some other expert to provide opinions.

In The Bartram, LLC v. LandMark Am. Ins., 2011 WL 284448 (N.D. Fla. Jan. 24, 2011), the defendants sought production of emails sent and received between a consultant and the firm that managed an apartment project that was the subject of construction defect litigation. The court held:

> Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure extends the work product privilege to the facts known and opinions held by an expert, who is not expected to be called as a witness at trial and who has been retained or specially employed in anticipation of litigation or preparation for trial.

Id. at *3. In that case, as in Essex Builders, the expert wore "two hats," first as a fact witness and later as a retained non-testifying expert. Id. The court allowed discovery of emails exchanged before the date of the expert's retention, but held: "Once [the witness] was formally retained, she became a non-testifying expert and her communications with Plaintiff after that date were protected" by Rule 26(b)(4)(D). Id.

Here, there can be no contention that Dr. Priddy is a fact witness or wore "two hats." His work for Charlotte Pipe has been exclusively as a retained expert witness in matters in which litigation was pending or anticipated. Priddy Dec. ¶ 3; Morris Dec. ¶ 3.

7

**2. Dr. Priddy's Prior Testimonial Work for Charlotte Pipe is Irrelevant.**

Though Travelers may argue Dr. Priddy's prior testimony for Charlotte Pipe is discoverable if Charlotte Pipe is using him as a testimonial expert, such arguments would be premature. Moreover, this case involves a specific type of pipe and fitting, Corzan CPVC Schedule 80. Dr. Priddy has never testified for Charlotte Pipe in a case involving Corzan CPVC Schedule 80. Priddy Dec. ¶ 4. Dr. Priddy's prior work on other product lines is irrelevant and not likely to lead to the discovery of admissible evidence.

Even in cases where discovery is sought regarding a testifying expert, communications between the experts and the party's representatives are protected. Travelers' overreaching demand also violates the Rules in this regard as well. Under Rule 26(b)(4)(D), only previously disclosed documents could be discoverable. The annotations to the 2010 Amendments to Rule 26 expressly anticipate protecting expert witness communications in cases where the expert is retained in connection with multiple cases:

> The protection for communications between the retained expert and "the party's attorney" should be applied in a realistic manner, and often would not be limited to communications with a single lawyer or a single law firm. For example, a party may be involved in a number of suits about a given product or service, and may retain a particular expert witness to testify on that party's behalf in several of the cases. In such a situation, the protection applies to communications between the expert witness and the attorneys representing the party **in any of those cases**. Similarly, communications with in-house counsel for the party would often be regarded as protected even if the in-house attorney is not counsel of record in the action. Other situations may also justify a pragmatic application of the "party's attorney" concept.

Annotations to 2010 Am.'s to R. 26(b)(4) (emphasis added).[4]

**3. The Subpoenas are Procedurally Defective.**

Finally, each of Travelers' four subpoenas are procedurally defective. Rule 34 is the proper discovery mechanism to request relevant, non-privileged documents regarding other

---

[4] In the 2010 Amendments, former Rule 26(b)(4)(B) was renumbered to become Rule 26(b)(4)(D).

claims that are in Charlotte Pipe's possession or control. Rule 45 subpoenas may not be misused to obtain documents directly from a non-party expert or other agent of a party. See SunTrust Mortgage, Inc. v. Busby, 2009 WL 5511215 (W.D. N.C. Dec. 18, 2009) (quashing subpoena to non-party attorney which sought attorney's closing file). The SunTrust court held that "where the sought-after documents are within the possession, custody, or control of a party, it is not appropriate to employ Rule 45 from a non party attorney who may also be in possession of the documents or copies." Id. at *2. Rule 34 is the proper route for such a request, so that the party itself may assert its privilege and work product objections. Id.

Moreover, the subpoenas at issue are inter-district subpoenas that do not comply with Rule 45(a)(2). Rule 45(a)(2) and (3) create a mechanism by which an attorney authorized to practice in the district where an action is pending can issue a subpoena from a court in another district. However, because the subpoena is issued from the district where the documents are located, it can only command production of the documents in that same district. A subpoena issuing from one district but purporting to command production of documents outside of that district "is improper and should be quashed." James v. Booz-Allen & Hamilton, Inc., 206 F.R.D. 15, 19 (D.D.C. 2002) (quashing subpoena issued from the District of Columbia but calling for document production in the District of Maryland). Here, Travelers has issued subpoenas from the United States District Court for the Eastern District of Michigan, calling for production in this district.[5]

---

[5] Travelers has issued similarly defective, and therefore invalid, subpoenas to thirty (30) different firms that are Charlotte Pipe's manufacturer's representatives in different regions of the United States, as well as to a Charlotte Pipe customer. Charlotte Pipe has not objected to those subpoenas to date, because the defects could be cured and the objection would potentially increase the burden on its representatives and customer in responding to Travelers' subpoenas. Similarly, motion practice would impose additional discovery costs on Charlotte Pipe.

## CONCLUSION

For the foregoing reasons, Charlotte Pipe's motion to quash should be granted and a protective order should be entered protecting Charlotte Pipe's privileged information and prohibiting Travelers from issuing further Rule 45 subpoenas to Dr. Priddy or any of Charlotte Pipe's other experts retained in anticipation of litigation. Should Travelers' Amended Complaint withstand Charlotte Pipe's pending Motion to Dismiss under Rule 12(b)(6), expert discovery should proceed pursuant to Rule 26(b)(4)(A) through (C). In addition, the Court should consider awarding Charlotte Pipe its expenses related to this motion under Rule 37(a)(5).

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), undersigned counsel for Charlotte Pipe certifies that he has conferred with opposing counsel for Travelers, regarding the relief sought in this Motion, and Travelers' counsel opposes the relief sought herein.

Dated: August 23, 2011

                                                               Respectfully submitted,
                                                                CARLTON FIELDS, P.A.

                                                               /s/ J. Derek Kantaskas
                                                              Hardy L. Roberts, III
                                                              Florida Bar No. 0062545
                                                              Mark A. Smith
                                                              Florida Bar No. 0022033
                                                              J. Derek Kantaskas
                                                              Florida Bar No. 0041243
                                                              P.O. Box 3239
                                                              Tampa, Florida  33601-3239
                                                              Telephone:  (813) 223-7000
                                                              Facsimile:  (813) 229-4133
                                                              hroberts@carltonfields.com
                                                              msmith@carltonfields.com
                                                              dkantaskas@carltonfields.com

       and

       Bradley R. Kutrow
       McGuire Woods LLP
       100 North Tryon Street, Suite 2900
       Charlotte, North Carolina 28202-4011
       Telephone: (704) 373-8999
       Facsimile: (704) 373-8935
       bkutrow@mcquirewoods.com

       Trial Counsel for Defendant, Charlotte Pipe
       & Foundry Company

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2011, I electronically filed this Certificate of Service with the Clerk of Court via the CM/ECF system, which will send a copy of this filing via electronic mail to all attorneys of record including: Craig M. Greene and Eric J. Stockel of Kramer, Green, Zuckerman, Greene & Buchsbaum, P.A. (Counsel for Plaintiff); Eric C. Roberson and James C. Earle of McGuire Woods, LLP (Counsel for Lubrizol Advanced Materials, Inc. and the Lubrizol Corporation); Kieran F. O'Connor and Derek J. Angell of Ogden, Sullivan & O'Connor, P.A. (Counsel for Spirit Group, Inc.).

       /s/ J. Derek Kantaskas
       Attorney