**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

                Plaintiff,

-vs-                                                  Case No. 6:11-cv-19-Orl-28GJK

CHARLOTTE PIPE & FOUNDRY
COMPANY, LUBRIZOL ADVANCED
MATERIALS, INC., THE LUBRIZOL
CORPORATION, and SPIRIT GROUP, INC.

                Defendants.
_____

## ORDER

This cause came on for consideration, without oral argument, on the following motions:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO FILE MOTION TO COMPEL IN EXCESS OF TWENTY-FIVE PAGES AND TO BE RELIEVED FROM COMPLIANCE WITH M.D. FLA. L.R. 3.04(a)** (Doc. No. 79) |
| **FILED:** | September 22, 2011 |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

> MOTION: UNOPPOSED MOTION FOR LEAVE TO BE RELIEVED FROM COMPLIANCE WITH M.D. FLA. L.R. 3.04(a) IN FILING MOTION TO COMPEL (Doc. No. 80)
>
> FILED: September 22, 2011
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

On September 22, 2011, Plaintiff, Travelers Property Casualty Company of America (hereafter "Travelers"), filed two motions. Doc. Nos. 79-80. Both motions indicate that Plaintiff anticipates filing motions to compel because Defendants, Charlotte Pipe & Foundry Company (hereafter "Charlotte Pipe"), Lubrizol Advanced Materials, Inc., and The Lubrizol Corporation (hereafter jointly referred to as "Lubrizol"), raised "numerous objections to valid discovery." Doc. Nos. 79 at 1, ¶ 1; 80 at 1, ¶ 1.

In the motion directed to Charlotte Pipe (hereafter "First Motion"), Travelers indicates that its impending motion to compel will address general objections raised to its first, second, third and fourth requests for production, as well as its first set of interrogatories. Doc. No. 79 at 1, ¶ 2. Travelers also indicates that it will be challenging a "<u>16 page Privilege Log containing 121 separate items</u> withheld from production based upon various asserted privileges, and then an Amended Privilege Log received for the first time on September 19, 2011." Doc. No. 79 at 2, ¶ 2 (emphasis in original). As a result, Travelers contends it has reasonable grounds to believe that complying with Local Rule 3.04(a) will be impossible within the twenty-five (25) page limit set forth in Local Rule 3.01(a). Consequently, Travelers requests leave to file a forty-five (45) page

2

motion to compel and to be excused from compliance with Local Rule 3.04(a).[1] Travelers indicates that it will, instead, "file the appropriate discovery Requests and Responses as exhibits to the Motion, along with specific citation to each discovery issue for the Court's easy reference." Doc. No. 79 at 2, ¶ 5.

In its motion directed to Lubrizol (hereafter "Second Motion"), Travelers indicates that its motion to compel will address Lubrizol's general objections to its first, second, third and fourth requests for production. Doc. No. 80 at 1, ¶ 2. Travelers also indicates that Lubrizol "has provided a 4-page Privilege Log containing 30 documents withheld from production based upon various privileges." Doc. No. 80 at 2, ¶ 2. As a result, Travelers contends it has reasonable grounds to believe that it will be impossible to comply with Local Rule 3.04(a) within the twenty-five (25) page limit set forth in Local Rule 3.01(a). Doc. No. 80 at 2, ¶ 3. Travelers requests leave to file its motion to compel without having to comply with Local Rule 3.04(a) "primarily because of the sheer volume of the requests and because many of the arguments on the General Objections are repetitive. Instead, [Travelers] suggests that it will file the appropriate discovery Requests and Responses as exhibits to the Motion, along with specific citation to each discovery issue for the Court's easy reference." Doc. No. 80 at 2, ¶ 4.

Local Rule 3.04(a), in relevant part, provides that a party who files a motion to compel shall quote in full each interrogatory and request for production, "followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of

---

[1] In its First Motion, Travelers certifies that Charlotte Pipe agrees "to the relief sought as long as [Travelers] agrees that [Charlotte Pipe] may have the same number of pages in its Response. [Travelers] so agrees." Doc. No. 79 at 3, ¶ 6.

the reason the motion should be granted." This rule was promulgated for the benefit of the Court so that it could quickly and readily analyze the nature of the discovery request with the objection or response. As such, this Court is skeptical of Travelers' suggestion to file the discovery requests and responses as an exhibit for this Court's "easy reference."

This Court notes that discovery has been open since May 24, 2011, when the parties filed their case management report. Doc. No. 26. According to the case management and scheduling order, the discovery deadline is May 1, 2012. Doc. No. 37. Thus, the parties are quickly approaching the mid-point of their discovery window and Traveler's motions to compel will apparently address a number of issues related to various requests for production and interrogatories served on Charlotte Pipe and Lubrizol. Given the number of discovery requests, it appears that these discovery disputes have been unresolved for some time. Consequently, Travelers is directed to, after complying with the good faith conference requirement in Local Rule 3.01(g), promptly file its motions to compel so as not to delay the progress of the case.

Travelers' First Motion and Second Motion are **GRANTED in part and DENIED in part**:

1. The First Motion and Second Motion is **GRANTED** to the extent that Travelers may file the discovery requests and responses as an exhibit to its motions to compel;

2. Travelers shall also file with its motions to compel an exhibit that complies with Local Rule 3.04(a). The exhibit must quote in full each interrogatory and request for production, "followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted

to be insufficient, immediately followed by a statement of the reason the motion should be granted." Local Rule 3.04(a);

3. Travelers shall also e-mail an electronic copy of the exhibits referenced in paragraph 2, in Microsoft Word format, to: chambers_flmd_kelly@flmd.uscourts.gov;

4. The First Motion is also **GRANTED** to the extent that Travelers may file a motion to compel that is thirty (30) pages in length. Similarly, Charlotte Pipe may file a response to the motion to compel that is thirty (30) pages in length; and

5. In all other respects, the First Motion and Second Motion are **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on September 27, 2011.

						_____
						GREGORY J. KELLY
						UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
Unrepresented Parties