# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, as subrogee of RIDA Development Corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CHARLOTTE PIPE & FOUNDRY COMPANY, a foreign corporation, LUBRIZOL ADVANCED MATERIALS, INC., a foreign corporation, and THE LUBRIZOL CORPORATION, a foreign Corporation,<br><br>　　　　Defendants. | Case No.: 6:11-cv-00019-JA-GJK |

## CHARLOTTE PIPE & FOUNDRY'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO QUASH SUBPOENAS TO NON-PARTY EXPERT AND FOR PROTECTIVE ORDER

Defendant, Charlotte Pipe & Foundry Company ("Charlotte Pipe"), pursuant to the Court's Sept. 21, 2011 Order (Dkt.76) and Local Rule 3.01(c), respectfully submits this reply memorandum in further support of its Motion to Quash Subpoenas to Non-Party Expert and for Protective Order (Dkt. 74). Plaintiff Travelers' arguments to justify its attempt to invade the protected relationship between Charlotte Pipe and its consulting expert, Dr. Duane Priddy, Sr., Ph.D., fail for at least five reasons.

***First,*** Charlotte Pipe has provided substantial – and unrebuttable – evidentiary support for its motion through the sworn factual declarations of Dr. Priddy and Mr. William Morris. (*See* Dkts. 74-1 and 74-2). Travelers dismisses these sworn statements of fact as "conclusory," implying that Charlotte Pipe should provide more detail. In so doing,

Travelers mischaracterizes the declarations and misconstrues the applicable law.

Far from being "conclusory", the declarations establish that: (1) all of the matters in which Dr. Priddy was retained by Charlotte Pipe as an expert were matters in which litigation was either pending or anticipated; (2) Dr. Priddy testified as an expert witness in some of those matters and served as a consulting expert in others; and (3) none of the unrelated matters in which Dr. Priddy was engaged as a testifying expert involved the specific product at issue in this litigation – *i.e.*, Corzan CPVC Schedule 80 pipe or fittings. (*See* Dkt. 74-1 at ¶¶ 2-4; Dkt. 74-2 at ¶¶ 3-4).[1] These declarations are purely factual and more than sufficient to invoke the protections of Rule 26(b)(4)(D).

Even if Travelers had been a party to any of the matters in which Dr. Priddy served as a non-testifying consulting expert for Charlotte Pipe, Plaintiff would not have been entitled under Rule 26(b)(4)(D) to the invasive discovery it now seeks. In the context of this unrelated case, there is no reason that Travelers should be permitted to misuse a Rule 45 subpoena to plunder the work product of Charlotte Pipe's expert in prior unrelated matters. Indeed, to require Charlotte Pipe to divulge additional information regarding those matters in which Dr. Priddy served as a consulting expert would essentially force Charlotte Pipe to reveal the very information that Rule 26(b)(4)(D) protects from disclosure in the first instance.

With regard to any matter in which Dr. Priddy served as a testifying expert, Travelers does not explain how such discovery is relevant to any of the claims or defenses in this

---

[1] Charlotte Pipe manufactures different plastic pipe product lines. The product lines are made from different types of PVC and CPVC compounds, are manufactured using different tooling, have different dimensions, and are subject to different ASTM standards. Travelers' discovery to the defendants only seeks documents relating to the subject product line, Corzan CPVC Schedule 80. Travelers' subpoenas to Dr. Priddy, however, indiscriminately seek all documents relating to work of any kind for Charlotte Pipe on any its products.

2

litigation given that those other litigation matters indisputably involved entirely different product lines. Plaintiff's effort to obtain these materials is a blatant effort to troll the work product of Charlotte Pipe's prior expert and its internal analysis of unrelated claims and litigation, and cannot be permitted.

In the event the Court finds that Mr. Morris' original Declaration does not provide adequate factual detail, Charlotte Pipe has filed herewith a supplemental declaration by Mr. Morris (attached hereto as Exhibit A; hereafter referred to as "Morris Supp. Decl.") containing as much additional factual detail as can be provided without revealing the confidential information that Charlotte Pipe is entitled to protect against disclosure.

*Second*, Plaintiff's attempt to draw a semantic distinction between the terms "claims" and "litigation" in Mr. Morris' affidavit is both strained and misleading. A "claim" can be synonymous with and indistinguishable from actual or anticipated litigation. As the Morris supplemental declaration makes abundantly clear, when Dr. Priddy was retained in connection with "claims" it was because litigation had been threatened or initiated. (Morris Supp. Decl. at ¶¶ 4-6, 13-20). Plaintiff's efforts to suggest that Dr. Priddy's work product connected to "claims" is unprotected are therefore without foundation.

*Third*, the cases Plaintiff relies upon are inapposite and readily distinguishable because most do not involve the same issue presented here – *i.e.*, whether a party can use a Rule 45 subpoena to mine the protected work product of an expert witness previously engaged in connection with pending or anticipated litigation unrelated to the case at hand. For example, the principal cases on which Plaintiff relies, *Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co.*, No. 08-81211-Civ., 2009 WL 2482162 (S.D. Fla. 2009) and *St. Joe*

*Co. v. Liberty Mut. Ins. Co.*, No. 3:05-CV-1266-J-25MCR, 2007 WL 141282 (M.D. Fla. 2007), did not even involve expert discovery. The courts in those cases merely held that documents generated by a fact witness – a claims adjuster – in the ordinary course of business concerning the very insurance claims at issue in the litigation were not protected work product. *See Vision I*, 2009 WL 2482162, at *1; *St. Joe*, 2007 WL 141282, at *2-5 (M.D. Fla. 2007). The only case Travelers cites that involved an analogous scenario actually rejected the argument Travelers makes here, expressly holding that an affidavit regarding a non-testifying expert's work product did not need to include details like the authorship, dates, and chain of custody of specific documents communicated to the expert. *See Toledo Edison Co. v. GA Techs., Inc.*, 847 F.2d 335, 341 (6th Cir. 1988).[2]

***Fourth***, as explained in Mr. Morris' supplemental declaration, the "Product Return Reports" attached to Travelers' Memorandum as Exs. B and D do not reflect that Dr. Priddy was hired by Charlotte Pipe to review product returns in the ordinary course of business. (Morris Supp. Decl. at ¶¶ 4-6, 13-20). Product Return Reports are prepared by Charlotte Pipe's in-house technical staff whenever a user returns a product that is claims is defective; when litigation appears likely, Charlotte Pipe may then retain Dr. Priddy to provide independent analysis of the returned product in order to prepare to defend the anticipated litigation. (*Id.*) Notably, Charlotte Pipe has produced 62 Product Return Reports in this matter, only two of which reflected any input from Dr. Priddy. (*Id.* at ¶ 18.) A routine product return may become a lawsuit, but that in no way undermines the work product

---

[2] Plaintiff's attempts to distinguish the cases cited by Charlotte Pipe in its motion are similarly unavailing because it is abundantly clear in this case – based on the sworn, uncontroverted declarations of record, including Mr. Morris' Supplemental Declaration filed herewith – that Dr. Priddy was in fact only ever retained by Charlotte Pipe as an expert in those prior matters where litigation was either pending or anticipated.

4

protection afforded Charlotte Pipe and Dr. Priddy in preparing for that threatened or pending lawsuit. As the Morris Declaration establishes, Charlotte Pipe has only ever engaged Dr. Priddy to serve as an expert (whether consulting or testifying) in connection with either a pending lawsuit or in anticipation of litigation. (*Id.* at ¶¶ 4-6, 7-13, 20). Otherwise, there is no justification for incurring outside consulting expert fees. (*Id.* at ¶¶ 4-6).[3]

*Fifth*, Travelers' novel contention that there are "exceptional circumstances" that could overcome the work-product protection for Dr. Priddy's work is untenable. Travelers continues to retain the subject pipe and fitting in its possession and can hire its own expert to examine them. Travelers has thousands of non-work product Charlotte Pipe documents concerning CPVC Schedule 80. (Morris Supp. Decl. at ¶ 21). As such, Travelers' contention that it is somehow entitled to sift through Charlotte Pipe's and Dr. Priddy's work product concerning other litigation in the hope that it might find something that could be turned against Charlotte Pipe in this case is without any factual or legal support.

Based on the foregoing, Charlotte Pipe respectfully requests that the Court grant the relief requested in Charlotte Pipe's Motion (Dkt. 74).

Respectfully submitted:
CARLTON FIELDS, P.A.

| /s/ Mark A. Smith | -and- |
|---|---|
| Hardy L. Roberts, III | |
| Florida Bar No. 0062545 | Bradley R. Kutrow |
| Mark A. Smith | McGuireWoods LLP |

---

[3] For the same reasons, Travelers' contention that Charlotte Pipe should have logged and withheld the 09/18/2009 Product Return Report attached as Ex. B to its Response is specious. The Product Return Report form is completed routinely by Charlotte Pipe employees. (Morris Supp. Decl. at ¶ 16). This specific Product Return Report concerned a van stone flange and reflected that Dr. Priddy was consulted to confirm the report's conclusion that the flange failed due to heat transfer from an adjacent copper flange. (*Id.* at ¶¶ 17-20). Other work product documents prepared by or transmitted to Dr. Priddy would remain entitled to work production protection.

| | |
|---|---|
| Florida Bar No. 0022033 | 100 North Tryon Street, Suite 2900 |
| J. Derek Kantaskas | Charlotte, North Carolina 28202-4011 |
| Florida Bar No. 0041243 | Telephone: (704) 373-8999 |
| P.O. Box 3239 | Facsimile: (704) 373-8935 |
| Tampa, Florida 33601-3239 | bkutrow@mcquirewoods.com |
| Telephone: (813) 223-7000 | |
| Facsimile: (813) 229-4133 | *Trial Counsel for Defendant, Charlotte Pipe* |
| hroberts@carltonfields.com | *& Foundry Company* |
| msmith@carltonfields.com | |
| dkantaskas@carltonfields.com | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2011, I electronically filed this Certificate of Service with the Clerk of Court via the CM/ECF system, which will send a copy of this filing via electronic mail to all counsel of record.

                                       /s/ Mark A. Smith
                                       Attorney