**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

                          Plaintiff,

-vs-                                                      Case No. 6:11-cv-19-Orl-28GJK

CHARLOTTE PIPE & FOUNDRY
COMPANY, LUBRIZOL ADVANCED
MATERIALS, INC., THE LUBRIZOL
CORPORATION, and SPIRIT GROUP, INC.

                          Defendants.
_____

**ORDER**

This cause came on for consideration, without oral argument, on the following motions:

| | |
|---|---|
| **MOTION:** | **CHARLOTTE PIPE & FOUNDRY COMPANY'S MOTION TO QUASH SUBPOENAS TO NON-PARTY EXPERT AND FOR PROTECTIVE ORDER AND SUPPORTING MEMORANDUM OF LAW (Doc. No. 74)** |
| **FILED:** | August 23, 2011 |
| **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**. | |

| MOTION: | MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF WILLIAM MORRIS AND CONCURRENT MOTION FOR EXTENSION OF TIME TO FILE SURREPLY (Doc. No. 84) |
|---|---|
| FILED: | October 10, 2011 |

**THEREON** it is **ORDERED** that the motion is **DENIED as Moot**.

The claims in this suit arise out of a Corzan Schedule 80 CPVC (hereafter "Schedule 80 CPVC") pipe and fittings that failed while being used at the Hilton Convention Center (hereafter "Hilton") in Orlando, Florida. Doc. No. 1 at 4, ¶¶ 14, 16. Plaintiff alleges the Schedule 80 CPVC was manufactured by Charlotte Pipe & Foundry Company (hereafter "Charlotte Pipe"), The Lubrizol Company and Lubrizol Advanced Materials, Inc., and was used to provide water throughout the Hilton. Doc. No. 1 at 4, ¶ 15. As a result of the Schedule 80 CPVC failing, Plaintiff alleges "thousands of gallons of water began to flow uncontrollably from the water storage tank down and throughout the property causing substantial damage." Doc. No. 1 at 4, ¶ 17.

On August 2, 2011, Plaintiff, Travelers Property Casualty Company of America (hereafter "Travelers"), issued four non-party subpoenas to Duane Priddy, Sr. and Plastic Failure Labs, Inc. (hereafter collectively referred to as "Priddy"). Doc. No. 74-3 at 1-2.[1] The subpoenas were issued by the United States District Court for the Eastern District of Michigan, directed Priddy to produce the information in Florida and requested the following information:

    1. All correspondence, e-mails, reports, photographs, videos and <u>documents of any kind</u> (paper or digital) received from or sent

---

[1] The subpoenas were sent to Priddy at two addresses in Midland, Michigan. Doc. No. 74-3 at 1-2.

> to Duane Priddy, Sr. and/or Plastic Failure Labs, Inc. <u>which reflects investigation of plastic pipe, fittings, and joints</u> (including failure of those joints) for Charlotte Pipe & Foundry Company from January 1, 2006 through the present.
>
> 2. <u>Any and all</u> lists, correspondence or other <u>documents which reflect requests made by Charlotte Pipe & Foundry Company to inspect and/or analyze any of its pipe, fittings and/or joints</u> from January 1, 2006 through the present including but not limited to failed joints, the location of the property where the joint failed and any information provided by Charlotte Pipe & Foundry Company and your conclusions.

Doc. Nos. 74-3 at 3-18 (emphasis added). Thus, Plaintiff requested Priddy produce any and all documents related to investigating, inspecting or analyzing any of Charlotte Pipe's pipes, fittings or joints.

On August 23, 2011, Charlotte Pipe filed a motion for protective order and to quash the subpoenas (hereafter "Motion). Doc. No. 74. On September 9, 2011, Plaintiff filed its response to the Motion. Doc. No. 75. On September 30, 2011, Charlotte Pipe filed a reply, attaching a supplemental affidavit of William Morris (hereafter "Morris"). Doc. No. 82. On October 10, 2011, Plaintiff moved to strike Morris's supplemental declaration and requested an extension of time to file a surreply (hereafter "Motion to Strike"). Doc. No. 84.

In the Motion, Charlotte Pipe argues that Travelers may not obtain the documents requested in the subpoenas because Rule 26(b)(3), Federal Rules of Civil Procedure, does not permit discovery of work product. Attached to the Motion are declarations from Priddy and William Morris (hereafter "Morris"), Charlotte Pipe's vice-president of Technical Services and Product Development. Doc. Nos. 74-1, 74-2. In his declaration, Priddy avers that Charlotte Pipe has retained him "to provide expert services in more than 15 matters since 2009," that were

3

"related to pending or anticipated litigation." Doc. No. 74-1 at 1, ¶ 3. Priddy also avers that he has always been retained as a consulting expert, but never identified as a testifying expert in relation to Schedule 80 CPVC. Doc. No. 74-1 at 2, ¶ 4. Morris avers that Charlotte Pipe has retained Priddy for expert consulting on several types of pipes and fittings and any documents exchanged are considered confidential. Doc. No. 74-2 at 1, ¶ 2. Morris further avers that Priddy has always been retained regarding pending or anticipated litigation and that he has never served as a testifying expert concerning Schedule 80 CPVC. Doc. No. 74-2 at 2, ¶¶ 3-4.

Charlotte Pipe also argues that any of Priddy's prior work on other product lines, other than Schedule 80 CPVC, is irrelevant and not likely to lead to the discovery of admissible evidence. Doc. No. 74 at 8. Charlotte Pipe also contends that even if Priddy was identified as a testifying expert in this matter, Rule 26(b)(4)(D) protects any communications between Priddy and Charlotte Pipe in relation to other matters. Doc. No. 74 at 8.

Charlotte Pipe further argues that the subpoenas are procedurally defective. Doc. No. 74 at 8. Because Priddy is Charlotte Pipe's agent, Charlotte Pipe asserts that Rule 45 non-party subpoenas are inappropriate and the appropriate method for Traveler's to obtain any relevant non-privilege documents was through a Rule 34 request for production. Doc. No. 74 at 8-9. Charlotte Pipe also asserts the subpoenas are defective because it is improper to have a court issue a subpoena that compels production of documents outside of that court's district. Doc. No. 74 at 9.

A subpoena directing the party to produce documents must be issued "from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C). The subpoenas Travelers issued to Priddy were issued by the United States District Court for the

Eastern District of Michigan but require Priddy to produce documents outside of that judicial district. The subpoenas are defective and must be quashed. *See James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 19 (D.D.C. 2002); *I-Flow Corp. v. Apex Med. Techs., Inc.*, 2009 WL 454938 at *1 (E.D. Tenn. 2009).

The procedural defect notwithstanding, the subpoenas are not reasonably calculated to lead to the discovery of admissible evidence because Travelers requests any and all documents relating to any of Charlotte Pipe's pipes, fittings or joints that Priddy investigated, inspected or analyzed. Travelers makes no distinction between Schedule 80 CPVC and pipe, fittings or joints that are completely dissimilar in terms of materials, compounds, production, dimensions and/or applications. Thus, Travelers' subpoenas are not "clear, concise, and reasonably particularized." Middle District Discovery (2001) at 10, III.A.1. The subpoenas are also not tailored to "apply to the facts and contentions of the particular case." *Id.* at III.A.2. Consequently, the Court quashes the subpoenas because they are improper for the reasons set forth above.

Notwithstanding the issues with the subpoenas, Travelers attached a document to its response that was produced by Charlotte Pipe which indicates that Priddy provided an opinion concerning a "Product Return Report" that dealt with Schedule 80 CPVC on another project. Doc. No. 75-2 at 1. Thus, it appears Priddy may possess records that are responsive to a properly tailored document request. Travelers contends that Charlotte Pipe voluntarily produced the Product Return Report and it was "not listed on [Charlotte Pipe's] extremely voluminous privilege log." Doc. No. 75 at 8-9. Thus, Travelers appears to argue that Charlotte Pipe has waived its right to claim privilege under the work product doctrine. *See St. Cyr v. Flying J, Inc.*,

5

2008 WL 2097611 at *5 (M.D. Fla. May 16, 2008) (voluntary disclosure of a work product document waives the privilege).

Charlotte Pipe claims Priddy is its agent and, as noted above, has produced at least one document containing Priddy's opinion about Schedule 80 CPVC pipe flange failure. Doc. No. 75-2. Because Charlotte Pipe maintains Priddy is its agent, any discovery request directed to Charlotte Pipe would include records in Priddy's possession. Nevertheless, the privilege log the Court has been provided (Doc. No. 75-3) does not reflect any documents authored by or received by Priddy. Accordingly, in the interest of efficiency and to the extent not previously done, Charlotte Pipe is directed to supplement its privilege log to include any documents responsive to Travelers' document requests (as limited by any objections thereto) in Priddy's possession.

It appears likely that the Court will ultimately be required to address the merits of: 1) whether documents in Priddy's possession that are reasonably calculated to lead to the discovery of admissible evidence are protected by the work product doctrine; and 2) whether Charlotte Pipe has waived any such protection. Therefore, the Court reminds the parties that a party asserting a privilege must expressly make the claim and "describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). The privilege log must be sufficiently specific that it can be determined whether the withheld documents are potentially protected from disclosure and that all the legal elements are met. *Bank Brussels Lambert v. Credit Lyonnais (Suisse), S.A.*, 210 F.R.D. 506, 509 (S.D.N.Y. 2002) (quoting *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993)).

If the parties continue to have a bona fide dispute, after the privilege log is provided, over whether documents created by Priddy are protected from disclosure, then the parties may motion the Court for an in camera inspection. In such an event, Charlotte Pipe must submit its privilege log indexed with bates ranges and the bates numbered documents. Charlotte Pipe must also submit affidavits addressing whether this privilege has previously been claimed in response to prior requests for production. If asserting the work product doctrine, Charlotte Pipe should be prepared to submit affidavits or other evidence indicating the dates, nature, and scope of Priddy's engagement. Charlotte Pipe should also be prepared to address any waiver issue if it previously produced documents that would waive the privilege it is claiming.

Based on the foregoing,

1. The Motion is **GRANTED** to the extent that the subpoenas are quashed;
2. The Motion is **DENIED** to the extent that Charlotte Pipe requests a protective order;
3. The Motion to Strike is **DENIED as Moot**.

**DONE** and **ORDERED** in Orlando, Florida on November 8, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
Unrepresented Parties